**The STATE of Ohio, Appellee,**

v.

**WAGNER, Appellant.**

[Cite as *State v. Wagner* (1992), 80 Ohio App.3d 88.]

Court of Appeals of Ohio,
Clermont County.

No. CA91–07–048.

Decided May 18, 1992.

*Donald W. White*, Clermont County Prosecuting Attorney, and *David Henry Hoffmann*, Assistant Prosecuting Attorney, for appellee.

*Peter J. Strasser*, for appellant.

WALSH, Judge.

Defendant-appellant, Richard Wagner, appeals his bench trial conviction before the Clermont County Court for telephone harassment pursuant to R.C. 2917.21(B).

The record indicates that appellant and Ann Rechtin were romantically involved for a period of approximately seven years. At some point prior to March 1991, Rechtin ended the relationship. However, appellant repeatedly attempted to contact Rechtin by telephone and also visited her residence in Clermont County.

After one such visit in which Rechtin saw appellant looking into the window of her residence, a criminal trespassing complaint was filed against appellant. Following a hearing before Judge W. Kenneth Zuk in the Clermont County Court, the criminal trespassing charge was dismissed. In announcing the court's decision, Judge Zuk ordered appellant to cease his attempts to contact Rechtin, either in person or by telephone.

In the week following the hearing on the criminal trespassing charge, appellant continued to place telephone calls to Rechtin's residence. On May 6, 1991, a complaint was filed against appellant for telephone harassment. A bench trial was held on June 12, 1991 before Judge Zuk.

At trial, appellant admitted to placing the telephone calls. He testified that he called to hear Rechtin's voice on her telephone answering machine and that when Rechtin would answer the telephone, he would hang up without speak-

ing to her. Rechtin testified that the calls were disturbing to her and that, based upon appellant's other actions since the end of their relationship, she viewed the calls as a form of harassment.

The court found appellant guilty and sentenced him to one hundred eighty days' incarceration, with ninety days suspended. On June 24, 1991, appellant filed a motion to mitigate the sentence which was denied following a hearing on June 26, 1991.

Appellant brings the instant appeal, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court erred to the substantial prejudice of the defendant-appellant in permitting the trial of the unrepresented defendant without his knowing, intelligent and voluntary waiver of his Sixth Amendment right to counsel."

Assignment of Error No. 2:

"The trial court erred to the substantial prejudice of the defendant-appellant by sentencing him to a period of confinement where the record is devoid of defendant's knowing, intelligent and voluntary waiver of counsel."

Assignment of Error No. 3:

"The trial court erred to the substantial prejudice of the defendant-appellant in failing to disqualify himself in the proceeding below."

Assignment of Error No. 4:

"The trial court erred to the substantial prejudice of the defendant-appellant in failing to afford the defendant the due process protections contained in Revised Code 2151.02."

Assignment of Error No. 5:

"The trial court erred in finding that repeated telephone calls to an answering machine constituted a violation of O.R.C. 2917.21."

We begin with the fifth assignment of error. This assignment was submitted after we instructed the parties to brief the issue of whether repeatedly calling a telephone answering machine and listening to the message constitutes telephone harassment pursuant to R.C. 2917.21. R.C. 2917.21 provides, in part, as follows:

"(B) No person shall make or cause to be made a telephone call, or permit a telephone call to be made from a telephone under his control, with purpose to abuse, threaten, annoy, or harass another person."

Our inquiry is directed to the question of whether a person could, as a matter of law, be convicted of R.C. 2917.21 if the call reached only a telephone answering machine, with no message being left. However, upon reviewing

the record and the briefs of the parties, we conclude that we need not reach that issue in the instant case. Here, the evidence indicates that Rechtin on several occasions answered the telephone when appellant called, and, therefore, directly received the allegedly harassing calls. This is not a case, as appellant would characterize it, of mere "electronic trespass." As such, appellant's fifth assignment of error is overruled.

In his first and second assignments of error, appellant claims that his conviction was invalid because he did not knowingly and intelligently waive his right to counsel as guaranteed by the Sixth Amendment to the United States Constitution. These two assignments are argued together, and we will address them in like fashion.

Telephone harassment is classified as a first-degree misdemeanor for a first offense. R.C. 2917.21(C). The maximum penalty for a first offense, pursuant to R.C. 2929.21(B)(1), is six months' imprisonment. Therefore, telephone harassment is a "petty offense" within the meaning of Crim.R. 2(C) and (D).

Crim.R. 44 provides, in part, as follows:

"(B) Counsel in petty offenses: Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed on him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

"(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

Crim.R. 22, also governing waiver of counsel, provides in part:

"In petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded * * *."

The Sixth Amendment right to counsel applies to misdemeanor cases in which a sentence of imprisonment could be imposed. *Argersinger v. Hamilton* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. Only in cases involving serious offenses is the waiver required to be in writing. Crim.R. 44(C); *State v. Kleve* (1981), 2 Ohio App.3d 407, 409, 2 OBR 482, 484–485, 442 N.E.2d 483, 485–486. However, in both serious and petty offenses, the record must show a knowing, intelligent and voluntary waiver of counsel. *Id.; State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399; *State v. Meranda* (Dec. 8, 1986), Brown App. No. CA86–03–007, unreported, 1986 WL 14081.

■ In the instant case, appellant was informed on the record at his arraignment on May 15, 1991 that he had the right to be represented by counsel and that he had the right to have an attorney assigned to him if he could not obtain one. Appellant affirmatively indicated on the record that he understood his rights. The case was then scheduled for trial on June 5, 1991.

On the day scheduled for trial, appellant requested a continuance until June 12, 1991. The continuance was granted and once again the court informed appellant, on the record, that he could choose to be represented by an attorney. At the trial held on June 12, 1991, appellant represented himself.

In light of the repeated statements by the court that appellant had the right to representation and in light of appellant's affirmative indication that he understood his rights, we find that appellant knowingly, intelligently, and voluntarily waived his right to counsel. The record indicates that appellant was a Ph.D. student at the University of Cincinnati and was quite capable of comprehending the court's explanation of his rights. Despite the trial court's repeated explanations and the rather protracted nature of the proceedings, appellant did not express at any point the desire to be represented by an attorney. Though he did not explicitly relinquish the right to representation by stating that he intended to represent himself, his acknowledgment of his rights and his subsequent appearance at trial without an attorney clearly demonstrated such an intention. Therefore, we find no violation of the Sixth Amendment or the applicable Criminal Rules, and appellant's first and second assignments of error are overruled.

■ In his third assignment of error, appellant argues that the trial judge erred in failing to disqualify himself. Appellant claims that bias on the part of Judge Zuk rendered the conviction invalid. Canon 3(C) of the Code of Judicial Conduct, addressing disqualification, provides, in part, as follows:

"(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

"(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"

A trial judge is presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity. *State v. Richard* (Dec. 5, 1991), Cuyahoga App. No. 61524, unreported, 1991 WL 261331.

■ Appellant first argues that the trial judge demonstrated bias or prejudice in his comment concerning the offense of telephone harassment. At trial, Judge Zuk remarked that "there are times when I just want to take a shotgun

and, if I could shoot them through the phone, I'd do it." While this statement clearly evinces a strong feeling toward the offense for which appellant was tried, it does not indicate that the judge was unable to rationally evaluate the evidence in appellant's case and properly render a verdict. Judge Zuk's comment was intemperate and not to be condoned, but it did not display bias or prejudice against appellant.

Next, appellant argues that the trial judge had personal knowledge of a disputed evidentiary fact, specifically that the telephone calls to Rechtin were unwelcome. Appellant states that Judge Zuk became aware of that fact when he presided over the criminal trespassing charge in March 1991 and contends that Judge Zuk's knowledge improperly affected his decision in the instant case.

Appellant's argument is not persuasive. First, there was ample evidence of the unwelcomeness of the calls presented at the June 12 trial, and any prior knowledge on the part of Judge Zuk cannot be deemed to have affected the decision. Second, even if Judge Zuk could be said to have gained the knowledge in the prior case, that knowledge was gained in the context of a judicial proceeding, with all of the inherent procedural safeguards of such a proceeding. Therefore, it was not the type of personal knowledge that would render his decision invalid. Canon 3(C); *State v. Pembaur* (Feb. 10, 1982), Hamilton App. No. C–800856, unreported, 1982 WL 4639.

Appellant's final argument under his third assignment of error is that the trial judge demonstrated bias in his remarks that appellant exhibited serious emotional problems. Appellant does not clearly explain how the judge's remarks concerning appellant's emotional condition exhibited bias or prejudice, especially as appellant himself explained his actions by stating that he had been suffering from severe depression and other difficulties. Appellant does argue that the evidence of emotional difficulty should have been considered a mitigating factor in sentencing, but this argument is best left for discussion under appellant's fourth assignment of error. We can discover no bias or prejudice in the judge's comments, and the third assignment of error is overruled.

In his fourth assignment of error, appellant states that the trial court erred in failing to consider the statutory sentencing guidelines following the trial and in conjunction with the motion to mitigate the sentence. R.C. 2929.22, governing sentencing in misdemeanor cases, provides in part, as follows:

"(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount

and method of payment of a fine, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, the history, character, and condition of the offender and his need for correctional or rehabilitative treatment, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him.

"(B) The following do not control the court's discretion, but shall be considered in favor of imposing imprisonment for a misdemeanor:

"(1) The offender is a repeat or dangerous offender;

"(2) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of commission of the offense."

Further, R.C. 2929.22(C) provides that the court shall consider the criteria listed in R.C. 2929.12(C) as factors weighing against imposing imprisonment for a misdemeanor. R.C. 2929.12(C) sets forth those criteria as follows:

"(1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;

"(2) The offense was the result of circumstances unlikely to recur;

"(3) The victim of the offense induced or facilitated it;

"(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;

"(5) The offender acted under strong provocation;

"(6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;

"(7) The offender is likely to respond quickly to correctional or rehabilitative treatment."

Finally, R.C. 2951.02(B) sets forth criteria substantially similar to those listed in R.C. 2929.12(C) for the court to consider in deciding whether to grant a suspension of sentence and probation.

Sentencing is within the discretion of the trial court and a sentence will not be disturbed absent an abuse of discretion. *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 88, 529 N.E.2d 947, 948–949. None of the statutory criteria controls the trial court's discretion, and the court may consider other relevant factors, but the criteria must be used as a guide in exercising sentencing discretion. *Id.; State v. Whitt* (June 18, 1990), Butler App. No. CA89–06–091, unreported, 1990 WL 82592. Failure to consider these criteria constitutes an

abuse of discretion, but when the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge followed the standards set forth in R.C. 2929.22 and 2929.12, absent a showing to the contrary. *Jones, supra; Whitt, supra.*

In the instant case, appellant has demonstrated that the trial court failed to consider the statutory criteria. At trial, the court imposed the sentence of incarceration without comment as to its justification for doing so. Judge Zuk simply stated to appellant, "You've got a real problem, pal. 180 days, suspend 90. You're going to jail for 90 days tonight. Pay the court costs."

At the hearing on appellant's motion to mitigate the sentence, the court's disregard of the statutory criteria was even more pronounced. Appellant presented evidence that he had never before been involved in criminal activity and that he was a productive member of society, working toward his doctorate in pharmacology. He emphasized that he did not cause or threaten physical harm and that his actions were largely the result of his depression following the end of his relationship with Rechtin. The evidence indicated that criminal activity was unlikely to recur and that the time appellant had already spent in jail had had a deterrent effect on him. The prosecution did not rebut this evidence, but only remarked that its position with respect to appellant had been made known.

Judge Zuk did not address the evidence presented by appellant, but instead merely reiterated his belief that appellant deserved incarceration for continuing to harass Rechtin after he had been warned not to do so. Judge Zuk stated the following:

"But if I grant your motion, basically what I'm saying is, 'Mr. Wagner, everything I told you before was a lie, I had my fingers crossed, I was only kidding.' Because I chewed him up one side and down the other in open court, and told him if he ever so much as looked at that woman cross-eyed, that I was going to throw him in jail. Now, if I let him out, I'm just making a liar out of myself. And I'm not going to do that. Your motion to mitigate is denied."

Thus, it is evident that the trial court gave no consideration to the statutory criteria or to the evidence set forth by appellant indicating that a term of imprisonment would be improper. The court focused solely on appellant's conduct in committing the offense and completely disregarded any mitigating factors. Therefore, the trial court abused its discretion. Accordingly, the fourth assignment of error is sustained, and we remand the case with instructions to the trial court to reconsider the sentence in light of the statutory criteria.

The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

JONES, P.J., and WILLIAM W. YOUNG, J., concur.