OPINION
Defendant-appellant, Richard T. Ross, appeals his conviction, rendered in the Clermont County Court of Common Pleas, for corruption of a minor, R.C. 2907.04.[1] We affirm.
On January 29, 1997, appellant, age thirty-eight, was indicted on one count of corruption of a minor. Appellant was accused of engaging in sexual conduct with Jane Doe, age fifteen, on June 18, 1994. On October 9, 1997, pursuant to a plea agreement, appellant pled guilty to the indictment as charged. Before appellant's guilty plea, the prosecutor outlined the terms of the plea agreement:
 In exchange for the Defendant's plea of guilty, the state will request at the time of sentencing that the Defendant be given probation. The State will specifically request the Defendant be ordered to serve a period of incarceration in the local jail, and will defer to the Court's discretion in terms of what period, if any, the Court deems appropriate in that regard. The State will also specifically request the Defendant be ordered to attend and successfully complete sex offender treatment. Furthermore, Judge, at the time of sentencing, which I believe is the appropriate time in terms of the Defendant's sex offender classification, we will not be seeking to have the Defendant classified as a sexual predator, but will, in fact, stipulate that he is a sexually-oriented offender, the least egregious category of sex offender. I think that's the sum total of our discussions.
On November 13, 1997, appellant was sentenced to two years of incarceration, but the court suspended the entire two year sentence. Appellant was also sentenced to six months in the Clermont County Jail, a $500 fine and five years of probation. The court further found that appellant was a sexually-oriented offender pursuant to R.C. 2950, et seq. Appellant filed a timely notice of appeal and presents three assignments of error for our review.
Assignment of Error No. 1:
 THE COURT ABUSED ITS DISCRETION BY IMPOSING THE MAXIMUM SENTENCE OF TWO YEARS INCARCERATION UPON THE DEFENDANT-APPELLANT; BY IMPOSING THE MAXIMUM PERIOD OF PROBATION UPON THE DEFENDANT-APPELLANT; AND BY SENTENCING THE DEFENDANT-APPELLANT TO A SIX MONTH PERIOD OF INCARCERATION IN THE CLERMONT COUNTY JAIL.
Assignment of Error No. 2:
 THE TERMS OF PROBATION CONSTITUTES [sic] AN ABUSE OF DISCRETION IN THAT IT, IN SUCH BROAD SCOPE; 1) IS NOT REASONABLY RELATED TO REHABILITATING THE OFFENDER; 2) DOES NOT HAVE ANY RELATIONSHIP TO THE CRIME OF WHICH THE OFFENDER WAS CONVICTED; AND 3) DOES NOT RELATE TO FUTURE PROBABILITY AND DOES NOT SERVE THE STATUTORY ENDS OF PROBATION.
Assignment of Error No. 3:
 DEFENDANT-APPELLANT WAS UNLAWFULLY CLASSIFIED AS A SEXUALLY ORIENTED OFFENDER IN VIOLATION OF THE LAWS AND STATUTES OF THE STATE OF OHIO.
In the first assignment of error, appellant argues that the trial court abused its discretion in imposing a two year suspended prison sentence, the maximum five year period of probation and six months of incarceration in the Clermont County Jail.
Under Senate Bill 2, sentencing procedures were changed for all crimes committed on or after July 1, 1996. However, appellant was properly sentenced under the pre-Senate Bill 2 statutes in effect for all crimes committed before July 1, 1996. See State v. Rush (1998), 83 Ohio St.3d 53, second paragraph of syllabus. Since corruption of a minor is classified as a third degree felony, the applicable sentencing criteria was in R.C. 2929.13:
 (A) The following do not control the court's sentencing decision, but shall be considered in favor of imposing a shorter term of imprisonment when determining the term of imprisonment for a felony of the third or fourth degree for which a definite term of imprisonment is imposed:
 (1) The offense was the result of circumstances unlikely to recur; (2) The victim of the offense induced or facilitated it; (3) There are substantial grounds tending to excuse or justify the offense, though not sufficient to establish a defense; (4) The offender acted under strong provocation; (5) The offender has no history of prior delinquency or criminal activity, or has led a law abiding life for a substantial time before commission of the present offense; (6) The offender is likely to respond quickly to correctional or rehabilitative treatment.
* * *
 (C) The criteria listed in * * * (A) * * * do not limit the matters that may be considered in determining the term of imprisonment to be imposed for a felony of the third or fourth degree for which a definite term of imprisonment is imposed.
"Sentencing is within the discretion of the trial court and will not be disturbed absent an abuse of discretion." State v. Wagner (1992), 80 Ohio App.3d 88, 95. The mitigating factors of2929.13(A) do not control the sentence given by the trial court and the court may consider other relevant factors. Id. However, the mitigating factors of R.C. 2929.13(A) must be considered in determining sentence. Id. When a sentence is within the statutory mandate, absent a contrary showing by the appellant, an appellate court will presume that the mitigating factors were considered. Id. at 95-96.
In this case, appellant pled guilty to a third degree felony. Based on the record, appellant had no previous convictions for a violent offense and his crime did not involve physical harm or the threat of physical harm. See R.C. 2929.11(D). Therefore, appellant could have received one year, one and one-half years or two years for his sentence. R.C. 2929.11(D)(1). For probation, appellant received the maximum allowable period of five years. See R.C. 2951.07.
Appellant argues that by receiving the maximum two year sentence of incarceration, the trial court failed to consider the mitigating factors of R.C. 2929.13(A). As support for this contention, appellant claims the trial court unfairly characterized the relationship between appellant and Jane Doe as "deplorable" and "immoral" at sentencing. Appellant further disputes the trial court's conclusion that appellant "sexually abused" Jane Doe and abused her trust. Appellant also notes that Jane Doe was within two weeks of her sixteenth birthday when this crime was committed.
We find none of the statements of the trial court improper in consideration of appellant's sentence. Appellant focuses in on the consensual nature of the sexual relationship and Jane Doe's age. This argument misses the point. It is the circumstances surrounding the crime, coupled with the vast difference in age between Jane Doe and appellant, that justifies all the comments of the trial court and the sentence appellant received. The record indicates that Jane Doe was a cousin of appellant's wife (presently ex-wife). In regard to appellant's crime, Jane Doe stated during the sentencing hearing that:
 He lied to me. He lied to my family. He went to church with me and told my pastor that he loved me, and then turned right around and said that he wouldn't have anything to do with me. This man has lied to my entire family, and, most of all, me, me, he lied to me. This man has hurt me so bad inside and he, I don't think, understands what he's done to me. I feel sorry for the ones [witnesses for appellant] back here that have gotten up today, because I've known him my entire life, they've known him for two years. I didn't see it and my family didn't see it, and my family has known him their entire lives, married to my cousin. What makes everybody think that they're going to see it in two years? This man is a good actor, I want to tell you that, he really is. I just want you to know that, just the way he is and what he's done to me.
Jane Doe's statement as well as the rest of the record strongly supports the trial court's conclusion that appellant abused her trust.
Appellant also ignores the fact that the two year prison sentence was suspended by the trial court. See State v. Brown (1993),88 Ohio App.3d 509, 513. Moreover, by the trial court giving appellant six months in Clermont County jail rather than time in the Ohio penal system, appellant likely will serve a less onerous sentence. Considering the facts of this case, the maximum five year probation is well within the trial court's discretion. Finally, the sentence fits the parameters of the plea agreement to which appellant knowingly and voluntarily agreed. We agree that some of the mitigating factors of R.C. 2929.13(A) may apply to appellant. However, upon review of this record, we presume the trial court considered them.[2] Wagner,80 Ohio App.3d at 95-96. Accordingly, the first assignment of error is overruled.
In the second assignment of error, appellant asserts that the trial court erred by imposing a broad set of conditions for appellant's probation. Specifically, appellant challenges conditions eight and nine. Condition eight provides that appellant "shall have no unsupervised contact with minors." Also, any supervisor must be aware of appellant's conviction and be approved by the probation department. Condition nine prohibits appellant from working or entering "establishments frequented by minors such as: amusement parks, video arcades, pool halls, roller rinks, schools, play grounds, and other like facilities." Appellant argues that these conditions are overly burdensome because appellant has a father type relationship with the eleven-year-old son of his fiancee.
Pursuant to R.C. 2951.02, the trial court has broad discretion in setting probation conditions. State v. Jones (1990), 49 Ohio St.3d 51,52. However, this discretion is not limitless. Id. The conditions cannot be so broad "as to unnecessarily impinge upon the probationer's liberty." Id. In setting conditions of probation, the trial court "should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted; and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Id. at 52-53.
Conditions eight and nine are less restrictive then the condition upheld in Jones. See id. at 52-55 (probation condition upheld which required defendant "have no association or communication, direct or indirect, with person's under the age of eighteen (18) years, not members of his immediate family"). After reviewing the entire record, we find that the trial court acted within its discretion by concluding that conditions eight and nine reasonably relate to rehabilitation, bear some relationship to the crime of corrupting a minor, reasonably relate to possible future criminality and serve the purpose of probation. Id. at 52-53. Accordingly, the second assignment of error is overruled.
In the third assignment of error, appellant argues that he cannot be classified as a sexually-oriented offender pursuant to R.C. 2950, et seq. because his offense was committed before the effective date of the statute, January 1, 1997. This appellate court has previously ruled that R.C. 2950, et seq. was intended to apply to offenses committed before the effective date of the statute. State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, at 7-8. Thus, the third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] R.C. 2907.04 states that "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another who is not the spouse of the offender, when the offender knows such other person is thirteen years or older but less than sixteen years of age, or the offender is reckless in that regard." We note that the new version of the statute, which applies when the crime was committed on or after July 1, 1996, is virtually identical.
[2] In his argument that the trial court's decision was arbitrary, appellant somewhat distorts the record of the sentencing hearing. For example, appellant states the trial court simply found that appellant was likely to reoffend. In fact, the trial court stated a concern that appellant will reoffend due to, among other things, appellant's explanation that he was depressed and under stress when the crime was committed. The trial court correctly recognized the right to consider any relevant factor, such as appellant's explanation for the crime. See R.C. 2929.13(C).