OPINION
Defendant-appellant, Mark P. Rivers, appeals his sentence in the Preble County Court of Common Pleas for gross sexual imposition and sexual battery. Because we find that the sentence is supported by clear and convincing evidence and is not contrary to law, we affirm the trial court's decision.
Appellant was convicted of one count of gross sexual imposition (a pre-sentencing reform offense) and two counts of sexual battery. A sexual predator hearing was held, but appellant was not adjudicated a sexual predator. The trial court sentenced appellant to two years in prison for the gross sexual imposition charge and four years in prison for each of the charges of sexual battery. Although appellant had never before served a prison term, he was sentenced to more than the minimum term for the sexual battery charges. The trial court determined that the prison terms for sexual battery would be served concurrently with each other, and that the gross sexual imposition term would be served consecutively to the terms for sexual battery.
Appellant appeals from his sentence, raising the following assignment of error:
 THE SENTENCE IN THIS CASE SHOULD BE REVERSED BECAUSE THE TRIAL COURT STATED THE SAME REASONS FOR IMPOSING MORE THAN THE MINIMUM TERM AND FOR IMPOSING CONSECUTIVE TERMS, AND THUS "DOUBLE COUNTED" THE REASONS FOR INCREASING THE SEVERITY OF THE SENTENCE, IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE U.S. AND OHIO CONSTITUTIONS.
 In his assignment of error, appellant argues that the trial court relied upon the same reason for imposing more than the minimum term and for imposing consecutive sentences. Appellant insists that this practice violated his due process rights.
An appellate court may not disturb a sentence imposed under felony sentencing law unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(1); State v. Garcia (1998), 126 Ohio App.3d 485, 487. Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere `preponderance of the evidence,'" it does not rise to the level of "evidence `beyond a reasonable doubt.'" Id.[1]
The record that a court considers when reviewing the imposition of a sentence includes the following: (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C.2953.08(F)(1)-(3). The sentence imposed upon the offender should be in accordance with the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).
The Decision to Impose More than the Minimum Prison Term
As a general rule, the trial court must impose the minimum term for an offender who, like appellant, has not previously served a prison term. R.C. 2929.14(B). However, if the trial court finds on the record that a minimum sentence would demean the seriousness of the offender's conduct, or would not adequately protect the public from future crime by the offender or others, a sentence greater than the minimum may be imposed.Id. The trial court does not need to provide its underlying reasons for finding that a term greater than the minimum should be imposed. Statev. Edmonson (1999), 86 Ohio St.3d 324, syllabus. Instead, it is sufficient that the record reflects that the trial court engaged in the statutory analysis and determined that one or both of the exceptions under R.C. 2929.14(B) warranted a sentence greater than the minimum.Id. at 326.
Appellant was convicted of two counts of sexual battery in violation of 2907.03(A)(5). These counts are classified as felonies of the third degree. R.C. 2907.03(B). The possible prison term for each felony of the third degree is one, two, three, four, or five years. R.C.2929.14(A)(3). The trial court sentenced appellant to four years on each of these counts.
Appellant was also convicted of gross sexual imposition, a violation of 2907.05(A)(4), a pre-sentencing reform offense. This count is classified as felony of the third degree. Prior to sentencing reform, the minimum prison term for a felony of the third degree is two years, thirty months, three years, or four years, and the maximum term is ten years. Appellant was sentenced to the minimum pre-sentencing reform sentence allowed on his count of gross sexual imposition. Therefore, we need only consider whether the trial court's imposition of greater than the minimum sentence for appellant's two counts of sexual battery was proper.
The trial court specifically found in its judgment entry sentencing appellant "that the shortest prison term will demean the seriousness of the Defendant's conduct and the shortest prison term will not adequately protect the public from future crime by the Defendant or others." The trial court made the same finding on the record at the sentencing hearing. We find that the trial court's decision to sentence appellant to a term greater than the minimum prison term is supported by the record and is not contrary to law.
 The Decision to Impose Consecutive Prison Terms
We now review the trial court's decision to sentence appellant to consecutive prison terms for his gross sexual imposition and sexual battery convictions.[2] Under R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C.2929.14(E)(4).
Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the trial court must find that one of the following factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 The trial court must state sufficient supporting reasons for the imposition of consecutive sentences. R.C. 2929.19(B)(2)(c); see Edmonson, 86 Ohio St.3d at 326.
In its sentencing entry, the trial court stated the following:
 Pursuant to Revised Code Section 2929.14(E) the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and not disproportionate to the seriousness of the Defendant's conduct and the danger the Defendant poses to the public, the harm caused by the Defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the Defendant's conduct.
At the sentencing hearing the trial judge stated:
 There was, in my judgment, a history of improper sexually related conduct with the victim in this case.
* * *
 It appears to me that the plea of guilty was made as Dr. Hopes has indicated, when someone confronted [the defendant] with evidence that was essentially irrefutable.
 It is difficult to deny the crime when your victim is carrying your child. It is a lot easier to deny it when there is nobody else around, there is no other proof.
 And I don't believe the denials of the conduct prior to it. To me it strains the imagination to think that one day the defendant walked up to his step-daughter and said jokingly, "Do you want to go to bed," and that was the start and end of it all.
 I believe as the victim has said it started when she was younger and the conduct was more — I don't know if this is even a way to say it, but less intrusive than it finally [sic] and it gradually increased to more intrusive conduct. If there can be such a thing when we are talking about sexual offenses.
So I think consecutive sentences are appropriate[.]
 Based on a review of the trial court's statements made in the sentencing entry and at the sentencing hearing, we find that the trial court complied with R.C. 2929.14(E)(4) and made the findings required in order to impose consecutive prison terms.
Appellant cites United States v. Romano (C.A.6, 1992), 970 F.2d 164, for the proposition that a court may not "double count" sentence enhancements to increase the severity of an imposed sentence. Appellant argues that following Romano, the trial court could not use its findings regarding the seriousness of the offense and the need for the public's protection from future crime as justifications for imposing more than the minimum sentence and for imposing consecutive terms. However, we fail to see how this "double count" prohibition originating in a federal case addressing federal sentencing guidelines has any application to the sentencing of appellant under Ohio law. See State v. Agner, 2000 WL 1061233, at *4-5 (Aug. 3, 2000), Allen App. No. 1-2000-04, unreported (finding that R.C. 2929.14[C] and 2929.14[E][4][b] operate harmoniously so that a court may consider the seriousness of an offense when deciding whether to impose a maximum sentence and may consider this factor again when deciding whether to impose consecutive sentences).
Appellant's sentence is supported by clear and convincing evidence and is not contrary to law. The assignment of error is overruled.
YOUNG, P.J., and WALSH, J., concur.
 ______________ VALEN, J.
[1] Before sentencing reform, a trial court's sentence was not disturbed unless an abuse of discretion was demonstrated. See State v.Ross (Sept. 21, 1998), Clermont App. No. CA98-01-001, unreported, at 5, citing State v. Wagner (1992), 80 Ohio App.3d 88, 95. Therefore, appellant's sentence for gross sexual imposition is subject to an "abuse of discretion" standard of review. However, for the sake of judicial efficiency, we will examine all of appellant's sentences under the stricter standard of review provided under sentencing reform. If appellant's sentence for gross sexual imposition is lawful under the standard for review established after sentencing reform, then it is also permitted under the less stringent standard of review that applied to sentencing prior to sentencing reform.
[2] In this case, the trial court ordered appellant to serve prison time for a pre-sentencing reform offense consecutively to the time served for an offense governed by sentencing reform. In order to ensure a thorough review, we will consider whether consecutive sentences were appropriate under the standards provided by sentencing reform, which are stricter standards than those that existed before sentencing reform.