OPINION
Defendant-appellant, Eric W. Lucas, appeals from the decisions of the Jefferson County Court of Common Pleas, Juvenile Division finding him guilty of contributing to the delinquency of a minor and sentencing him to six months in jail with four months suspended and a $250 fine plus costs.
On November 16, 2000 appellant went to The Attic, a local bar, with two minors, Amber Palmer (Amber) and Alisha Shipley (Alisha).[1] While at The Attic appellant ordered Doc Otises (a type of beer) and the girls ordered soft drinks. The three sat at a table together and throughout the night they took turns singing karaoke songs. Alisha testified that while they were at The Attic appellant shared four or five of his beers with her. Amber testified that appellant did not share his beers with Alisha but that Alisha sneaked two drinks from appellant's beer bottle while appellant was singing a karaoke song.
After they had been at The Attic for a while, Alisha left and went for a ride with a man named Travis and two other men. Alisha testified that while she was with Travis she smoked some marijuana but did not drink any more beer. Later that night, Alisha's mother went looking for her and asked the police to help. Officer Richard Justice (Officer Justice) found Alisha. He testified that when he found Alisha she was extremely intoxicated and that she tested over a .10 on a portable breath test. Officer Justice testified that Alisha told him that appellant had shared his alcohol with her at The Attic.
On December 7, 2000, Officer Justice filed a complaint against appellant charging him with two counts of contributing to the delinquency of a minor in violation of R.C. 2919.24(A)(2). One count was dismissed and appellant pled not guilty to the second count. The case proceeded to a bench trial before the juvenile court on March 13, 2001. The court found appellant guilty of contributing to the delinquency of a minor and set the case for sentencing. On April 3, 2001, the court sentenced appellant to six months in jail with four months suspended and a $250 fine plus costs. Appellant filed his timely notice of appeal that same day. Appellant also filed a motion for a stay of execution of his sentence pending appeal, which the court granted.
Appellant raises three assignments of error, the first of which states:
 "THE TRIAL COURT'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that the court's verdict was against the manifest weight of the evidence. Appellant asserts that many inconsistencies existed in the testimony at trial. He points to Officer Justice's testimony that Alisha told him that one of the men whom she rode in the car with had a beer. He next points out that Alisha testified that she shared four or five Doc Otises with appellant, but that Christopher Parker (Mr. Parker), the bar manager, testified that appellant ordered no more than four drinks that night. Appellant also refers to Alisha's testimony that appellant did not pass her the beers but that she just drank them when she felt like drinking. Next, appellant directs our attention to Mr. Parker's testimony that he did not observe Alisha drinking from appellant's beer bottles. Appellant also refers to inconsistencies between Alisha's testimony and that of Mr. Parker dealing with what time she arrived and left The Attic and how many people were in the bar.
In determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387. "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Id. (Emphasissic.) In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution but may consider and weigh all of the evidence produced at trial. Id. at 390.
Still, determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant was convicted of contributing to the delinquency of a minor in violation of R.C. 2919.24(A)(2). R.C. 2919.24(A)(2) provides:
"(A) No person shall do either of the following:
"* * *
"(2) Act in a way tending to cause a child or a ward of the juvenile court to become an unruly child, as defined in section 2151.022 of the Revised Code, or a delinquent child, as defined in section 2151.02 of the Revised Code."
The trial court found that Alisha was a delinquent child due to her consumption of alcohol.
The parties presented the following testimony at trial. Officer Justice testified that when he found Alisha she told him that appellant had been sharing his alcohol with her at The Attic. He testified that Alisha said appellant shared the alcohol with her in a way that the bar personnel could not see her drinking it. He further testified that Alisha told him that after she left The Attic she went riding around with two other men and that one of the men had a beer and the other one had some marijuana. Officer Justice stated that Alisha told him that she smoked some marijuana and that he thought she told him that she drank some of the beer. Officer Justice also stated that he gave Alisha a portable breath test and that she registered over a .10 on the test.
Alisha testified that she went to The Attic with appellant and Amber after she got off work. She testified that while the three of them were at The Attic she consumed some alcohol called Doc Otis. Alisha stated that appellant ordered the drinks and that he shared them with her. She stated that she and appellant shared four or five Doc Otises. Alisha testified that they kept a watch so that no one saw her drink the alcohol and that she had a Sprite right in front of her. She testified that she was "buzzing" when she was at The Attic. She also testified that when she left The Attic she could feel the effects of the alcohol she drank. She stated that no one other than appellant provided her with alcohol that night.
Alisha further testified that after she left The Attic she went for a ride with a man named Travis and they got high. She stated that she did not have anything to drink while she was with Travis. She stated that there was no alcohol in the car. Alisha also testified that she did not remember how long she rode around with Travis because she was "a little drunk."
Amber also testified at appellant's trial. She stated that she and appellant were dating each other, that they sometimes lived together, and that she was pregnant. Amber testified that while they were at The Attic, Alisha took two drinks from appellant's Doc Otis bottle when he was singing a karaoke song. She testified that appellant never gave Alisha permission to drink from his bottle. She also testified that she never heard appellant tell Alisha not to drink his Doc Otis.
Mr. Parker, the bar manager, testified next. He stated that he was working on the night in question and noticed appellant and the girls inside the bar. He testified that appellant purchased no more than four alcoholic drinks that night. Mr. Parker brought appellant's bar tab, which indicated that appellant purchased eight alcoholic drinks. Mr. Parker explained that appellant did not purchase all of the drinks on the night in question; however, there were no dates on the bar tab to corroborate Mr. Parker's testimony. He also testified that he was behind the bar all night and watched appellant and the girls along with the other bar patrons. Mr. Parker testified that he did not observe Alisha drinking anything but a soft drink that evening.
Based on the above testimony we cannot say that the court lost its way in finding appellant guilty. When reviewing an argument that a conviction is against the manifest weight of the evidence, we must keep in mind that this review is tempered by the principle that questions of weight and credibility are primarily for the trier of fact. State v. Banks (1992),78 Ohio App.3d 206, 214. Hence, we must only reverse the conviction as being against the manifest weight of the evidence in the rare case where the evidence weighs heavily against the conviction. Id. Conflicts existed among the witnesses' testimony, but that is to be expected in a trial. The court obviously believed that Alisha's testimony was more credible than Amber's testimony and the trial judge was in the best position to judge the witnesses' credibility. Competent, credible evidence exists on the record to support the trial court's finding of guilt. Thus, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE FACTORS SET FORTH IN R.C. 2929.22 AND 2951.02 BEFORE SENTENCING DEFENDANT-APPELLANT."
Appellant claims that the trial court failed to consider the necessary statutory factors before sentencing him. He alleges that several of the factors set out in R.C. 2929.22 and R.C. 2951.02 apply in his favor. Appellant specifically argues that he is not a repeat or dangerous offender, his offense did not involve a firearm, the victim (Alisha) induced or facilitated the offense, appellant has no history of criminal activity, and he is likely to respond well to probation. In addition, appellant argues that his imprisonment will entail undue hardship on his two children since he will develop a child support arrearage and possibly lose his job.
Appellant was convicted of a first degree misdemeanor. A first degree misdemeanor carries with it a possible jail sentence of up to six months and a possible fine of up to $1,000. The court sentenced appellant to the maximum jail sentence with four months suspended and a $250 fine.
The standard of review for determining whether a trial court erred in imposing a sentence for a misdemeanor offense is that of abuse of discretion. In re Slusser (2000), 140 Ohio App.3d 480, 487. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157.
R.C. 2929.22 and R.C. 2929.12 set out criteria for the sentencing court to consider in determining the appropriate sentence to impose. Failure to consider these criteria constitutes an abuse of discretion. State v.Wagner (1992), 80 Ohio App.3d 88, 95-96. However, when the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge considered the factors, absent a showing to the contrary. Id. at 96. Thus, appellant must come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. State v. Keaton (1996), 113 Ohio App.3d 696, 708.
The factors set out in R.C. 2929.22(A) that are to be used by the trial court to determine whether to impose imprisonment, a fine, or both are:
"[1] the risk that the offender will commit another offense and the need for protecting the public from the risk; [2] the nature and circumstances of the offense; [3] the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; [4] any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and [5] the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender."
R.C. 2929.22(B) lists three factors that the court shall consider in favor of imposing imprisonment. One of these factors applies to appellant; the victim of the offense was less than eighteen years of age at the time of the commission of the offense. R.C. 2929.22(B)(1)(b).
R.C. 2929.22(C) requires the court to consider the factors in R.C.2929.12(C)(E) as weighing against imposing imprisonment. However, it notes that these factors do not control the court's discretion. R.C.2929.22(C). Of the nine factors, four seem to apply to appellant. They are:
"The victim induced or facilitated the offense." R.C. 292912(C)(1).
"Prior to committing the offense, the offender had not been adjudicated a delinquent child." R.C. 2929.12(E)(1).
"Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense." R.C. 2929.12(E)(2).
"Prior to committing the offense, the offender had led a law-abiding life for a significant number of years." R.C. 2929.12(E)(3).
The factors set out in R.C. 2951.02, which weigh in favor of probation, are similar to those in R.C. 2929.12(C)(E).
Although the court did not state that it considered the statutory factors, we can presume that it did since its sentence was within the statutory limit. Wagner, 80 Ohio App.3d at 96. Appellant has not come forward with evidence to rebut this presumption. Even though the trial court sentenced appellant to six months imprisonment, it suspended four months of the sentence. Furthermore, this court is not free to vacate the trial court's sentence unless it is unreasonable, arbitrary or unconscionable. Accordingly, the trial court did not abuse its discretion in sentencing appellant to six months incarceration with four months suspended.
However, the trial court failed to comply with R.C. 2929.22(E). R.C.2929.22(E) provides:
"[t]he court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain."
Unlike R.C. 2929.22(A)(B)(C), R.C. 2929.22(E) imposes an affirmative duty upon the court to justify its decision to impose both a fine and imprisonment for a misdemeanor. State v. Giannini (Dec. 11, 1998), Mahoning App. No. 97-CA-254, unreported, 1998 WL 886961 at *2; State v.Polick (1995), 101 Ohio App.3d 428, 432. The record does not demonstrate that the court found that any of the grounds in R.C. 2929.22(E) applied in this case. The court merely inquired of appellant if he was employed and how much he earned. Thus, the court erred in imposing a fine on appellant in addition to his term of incarceration.
Accordingly, appellant's second assignment of error has merit.
Appellant's third assignment of error states:
 "APPELLANT ERIC LEWIS [sic.] WAS DENIED A FAIR AND IMPARTIAL TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION DUE TO THE PURPOSEFUL AND CONTINUOUS MISCONDUCT BY THE PROSECUTOR."
Appellant contends that the prosecutor made certain comments during his closing argument that were prejudicial and denied him a fair trial. Specifically, appellant alleges that two comments were prejudicial. First, he points to the prosecutor's comment that, "we had testimony of a bartender, eight or ten feet away, who obviously doesn't wish to acknowledge then [sic.] under age people are provided alcohol in this establishment because he could lose his job." (Tr. 55). Appellant maintains that since there was no testimony that the bartender's job was at risk, this comment was inappropriate. Second, appellant points to the prosecutor's comment that, "there is absolutely no testimony and or evidence that any alcohol was imbibed after she left presented by anybody. So whenever [sic.] assumption comes from this is without basis . . ." (Tr. 57). Appellant argues that Officer Justice testified that he believed that Alisha told him that she drank alcohol in the car and, therefore, this comment by the prosecutor was prejudicial.
Appellant did not object to either of the prosecutor's statements that he now challenges. Because appellant did not object to the alleged instances of misconduct at trial, he has waived all but plain error.State v. Slagle (1992), 65 Ohio St.3d 597, 604-5. Plain error does not exist unless it can be said that but for the error, the outcome of the trial would have been different. State v. Wogenstahl (1996),75 Ohio St.3d 344, 357.
The two alleged prejudicial comments by the prosecutor do not rise to the level of plain error. Appellant argues that the prosecutor's remarks were prejudicial because the prosecutor fabricated facts that were not in evidence. This case was tried before a judge, not a jury. The judge presumably listened to all of the testimony and rendered its decision based solely on the evidence before it. Since sufficient evidence exists on the record to support the trial court's decision, it cannot be said that but for the prosecutor's comments the outcome of the trial would have been different. Hence, appellant's third assignment of error is without merit.
For the reasons stated above, appellant's conviction is hereby affirmed and, based on the merit of appellant's second assignment of error, his fine is vacated.
Waite, J., and DeGenaro, J., concurs.
[1] At the time of the offense appellant was age twenty-eight, Amber was age seventeen, and Alisha was age sixteen.