DECISION AND JUDGMENT ENTRY
This is an appeal that concerns a sentence imposed by the Lucas County Court of Common Pleas in an assault case.
Appellant, Takisha Townsend, was indicted for felonious assault after a May 6, 2001 incident in which she smashed a glass into the face of a former boyfriend, causing an injury that required ten stitches. A jury, however, acquitted appellant of the felony and convicted her of the lesser included offense of simple assault, a first degree misdemeanor. The trial court sentenced appellant to six months local incarceration and ordered that she pay the costs of prosecution.
On appeal, appellant asserts the trial court abused its discretion when it ordered her incarcerated and erred in ordering prosecution costs without a hearing on her ability to pay.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
In her first assignment of error, appellant asserts that a misdemeanor sentencing court must explain its analysis of the R.C. 2929.22 sentencing considerations. A summary recitation of these facts is insufficient, according to appellant. In support, appellant cites State v. Wagner
(1992), 80 Ohio App.3d 88, State v. Payne (Mar. 3, 2000), Hancock App. No. 5-99-52, and State v. Martin (June 23, 1999), Crawford App. No. 3-98-31.
The cases appellant cites are inapposite to the issue before us. When a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume that the trial judge followed the statutes, absent evidence to the contrary. Toledo v. Reasonover (1965),5 Ohio St.2d 22, paragraph one of the syllabus. In Wagner, there was a showing that the court had not considered the statutory factors. Payne
and Martin concern felony sentences imposed after 1996 Am.Sub.S.B. 2 made the recitation of certain sentencing factors mandatory. See, e.g., Statev. Edmondson (1996), 86 Ohio St.3d 324, 326-327. S.B. 2 did not, however, affect misdemeanor sentencing. Accordingly, appellant's first assignment of error is not well-taken.
Concerning the trial court's order that appellant pay the costs of prosecution, to the extent that this order encompasses reimbursement of the costs for court-appointed legal services, such an order is erroneous absent an affirmative determination that the defendant has the means to pay for some or all of these services. State v. Brown (Nov. 19, 1999), Lucas App. No. L-97-1332. The record contains no such affirmative determination. With respect to the state's argument that the order at issue does not specifically name attorney fees as a cost to be reimbursed, we have already considered and rejected this position inState v. Groom (Oct. 19, 2001), Lucas App. No. L-00-1104.
Accordingly, appellant's second assignment of error is well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to said court for proceedings consistent with this decision. Costs to appellee.
JUDGMENT AFFIRMED, IN PART AND REVERSED IN PART.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.