[Cite as *State v. Bell*, 2013-Ohio-3133.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   98969

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DWAYNE BELL

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560295

**BEFORE:**  Boyle, P.J., Rocco, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**  July 18, 2013

**ATTORNEYS FOR APPELLANT**

Anita Barthol Staley
7327 Center Street
Mentor, Ohio   44060

Judith M. Kowalski
333 Babbitt Road, Suite 323
Euclid, Ohio   44123

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Brian R. Radigan
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1}   This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Dwayne Bell, appeals his sentence.   He raises one assignment of error for our review, i.e., that "[t]he trial court erred by sentencing [him] to 24 months" in prison.   Finding no merit to his appeal, we affirm.

Procedural History

{¶3}   In March 2012, Bell was indicted on charges of rape, gross sexual imposition, kidnapping with a sexual motivation specification, aggravated burglary, and disrupting public services.   The charges arose after Bell allegedly went to the victim's home, forced his way into her apartment, and forced her to have sexual intercourse with him.

{¶4}   In July 2012, Bell withdrew his former plea of not guilty and pleaded guilty to amended counts of attempted abduction in violation of R.C. 2923.02 and 2905.02, a felony of the fourth degree, and burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree.   The remaining counts and specifications were nolled.

{¶5} The trial court sentenced Bell to concurrent prison terms of 24 months for burglary and 12 months for abduction, for a total of 24 months in prison.   The trial court further advised Bell that he would be subject to a discretionary period of up to three years of postrelease control when he was released from prison.   It is from this judgment that Bell appeals.

## Standard of Review

{¶6}    An appellate court must conduct a meaningful review of the trial court's sentencing decision.  *State v. Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 7.  Specifically, R.C. 2953.08(G)(2) provides that our review of a defendant's sentence is not an abuse of discretion.  An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court."  *Id.*  If an appellate court clearly and convincingly finds either that (a) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant"; or (b) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing."  *Id.*

{¶7}    Because none of the circumstances under R.C. 2953.08(G)(2)(a) are relevant here,[1] then this court may only "increase, reduce, or otherwise modify [Bell's]   sentence * * * or may vacate [his] sentence and remand the matter to the sentencing court for

---

[1] R.C. 2929.13(B) addresses situations when the trial court must sentence to community control sanctions for fourth and fifth degree felonies and when the court has discretion to impose prison under these circumstances.  R.C. 2929.13(D) sets forth the parameters when there is a presumption for prison.  R.C. 2929.14(B)(2)(e) deals with situations where the trial court must sentence the offender to the maximum prison term or may increase the offender's sentence (e.g., repeat violent offenders). R.C. 2929.14(C)(4) sets forth the findings a trial court must make before imposing consecutive sentences.   And R.C. 2929.20(I) deals with judicial release.

resentencing" if we clearly and convincingly find that [Bell's sentence] is contrary to law under R.C. 2953.08(G)(2)(b).

<u>Analysis</u>

**{¶8}** In his sole assignment of error, Bell asserts that "his sentence was not contrary to law." Instead, he claims that "the trial court failed to give careful and substantial deliberation to the relevant statutory considerations" under R.C. 2929.12. But if the trial court failed to consider R.C. 2929.12, then [Bell's] sentence would be contrary to law. Thus, we must determine if the record supports Bell's claim that the trial court failed to consider R.C. 2929.12.

**{¶9}** At the sentencing hearing, Bell told the court that he was there "to accept responsibility for the things that happened during this time." Defense counsel stated that "there is a long-term relationship between the victim and the defendant." Defense counsel further explained that "there were many texts exchanged subsequent to the incident, explicit texts and conversations between the victim and the defendant, where the victim indicated that she wanted to get back with the defendant." According to defense counsel, "all of these things played into a great reduction in charges."

**{¶10}** Defense counsel further told the court that Bell "never denied responsibility for losing his temper that day, for getting upset at the victim for seeing other men, for toying with his emotions, so to speak. They've had a tumultuous relationship." Defense counsel acknowledged Bell's prior criminal history, but stated "[h]e's never really been involved in this type of behavior." Defense counsel also informed the court that Bell was a

"skilled draftsman," and had "a lot of family support." Defense counsel requested community control sanctions, rather than prison.

{¶11} The trial court then stated, "Nothing you said gives him the right to rape somebody."

{¶12} Defense counsel replied, "he didn't plead to rape. But I'm not going to gloss over or excuse his behavior that day regardless of what happened. Absolutely not. And I can't deny that. But the state saw fit to reduce the charges." Defense counsel concluded his remarks by stating, "I think, I truly believe he's a good risk for community control, given his background, his appearances, his dressing appropriately, his demeanor. Everything about him speaks something else than what you see on paper."

{¶13} The state informed the court that the victim was not present, but said that "she was not seeking prison." Other than that, the state deferred to the trial court for sentencing.

{¶14} The trial court stated:

On the risk assessment, he was an 11. And while you indicate that his record is not significant, the court notes that there are several allegations of abuse on here.

The court further stated:

We have a 3-4-93 felonious assault, 521994, CW domestic violence — I don't understand what CW means. Then you have a 7-18-1995, vehicular homicide, he was convicted and sentenced to jail. 10-11-1995 — I'm sorry, 6-1-2002, domestic violence. I consider that significant.

The court then imposed Bell's sentence.

{¶15} R.C. 2929.12 provides that "a court that imposes a sentence under this

chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."  R.C. 2929.12(B) and (C) set forth considerations relating to the seriousness of the offender's conduct.  R.C. 2929.12(D) and (E) relate to the likelihood of the offender's recidivism.

{¶16} Here, the trial court did not expressly indicate that it considered the seriousness and recidivism factors under R.C. 2929.12.  The law is settled, however, that while the trial court is required to consider the R.C. 2929.12 factors, "the court is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12).'"  *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, ¶ 21, quoting *State v. Webb*, 11th Dist. No. 2003-L-078, 2004-Ohio-4198, ¶ 10.

{¶17} Bell argues that based on the mitigating factors offered by his defense attorney at his sentencing hearing, the trial court should have found that Bell was a low risk to reoffend under R.C. 2929.12.  But Bell's presentence investigation report ("PSI"), which the trial court had in front of it, indicates that Bell was rated at a high risk to reoffend.

{¶18} The PSI also sets forth Bell's criminal history.  It states that Bell was convicted of drug abuse in 1993, open container in 1992 and 1994, drug trafficking in 1994, vehicular homicide in 1995, drug trafficking in 1995, and "minor's curfew" in 2009.  But Bell was not convicted of the felonious assault or domestic violence charges that the

trial court referred to. He was arrested for felonious assault in 1993, but he was released without being charged. He was also arrested for domestic violence in 1994 and 2002, but the PSI does not indicate that he was convicted of those charges. The 1994 case states that "the defendant was straight released," and the 2002 case does not state what the outcome was. Nonetheless, even though the trial court mentioned the felonious assault and domestic violence allegations, the record does not indicate that the trial court sentenced Bell harshly because of them.

{¶19} Bell further argues that the trial court was biased against him because it stated that he raped the victim. A trial judge is presumed not to be biased or prejudiced. *State v. Wagner*, 80 Ohio App.3d 88, 93, 608 N.E.2d 852 (12th Dist.1992). The party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity. *Id.* After review, we find that Bell did not overcome this presumption.

{¶20} The PSI explained the allegations as follows:

> On February 18, 2012, Cleveland Police officers responded to [an address] and met with the victim. The victim was complaining of pain to her left arm and lower lip. EMS was requested. The victim further stated that she was taking a shower, when she heard a knock at the door. She put on her clothes and answered the door. As she opened the door, the defendant pushed the door open and charged into the victim's apartment. The defendant pushed the victim to the ground, got on top of her and removed all of her clothing. While she was on the ground, the defendant dragged her to the bedroom and threw her on the bed. The defendant had forceful sex with the victim until he ejaculated inside her vagina. After which, the defendant sat at the foot of the bed and stated, "I ain't leaving", "Where's your nigga at?", "If you ain't with me you ain't gonna be with anyone," [and] "I'm going to wait for that nigga to come home."

> In an attempt to avoid further harm, the victim began to talk nice to the defendant; she went to the bathroom and pretended to clean up. When

the opportunity arose, she ran out of the apartment and yelled to a bystander to call police. While officers were on the scene, the defendant continued to call the victim's phone. * * * Investigation revealed that the defendant cut the wire to the phone at the victim's apartment.

**{¶21}** Although the trial court incorrectly stated that Bell raped the victim, we do not find that this supports his claim that the trial court was biased against him or improperly weighed the R.C. 2929.12 factors. The charges against Bell were greatly reduced, but he still pleaded guilty to burglary and abduction, third and fourth degree felonies. The maximum the trial court could have sentenced Bell for his third degree felony (burglary) was 36 months. Instead, the trial court only sentenced Bell to 24 months on this charge. The maximum the trial court could have sentenced Bell on his fourth degree felony (abduction) was 18 months; it only sentenced him to 12 months. Moreover, the trial court sentenced Bell to concurrent terms, not consecutive terms. If the trial court had sentenced Bell to maximum, consecutive sentences, he could have received a sentence of 54 months. It sentenced him to less than half of that. Thus, we conclude that there is nothing in the record to indicate that the trial court was biased against Bell simply because it incorrectly stated that he raped the victim.

**{¶22}** Accordingly, we overrule Bell's sole assignment of error.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for

execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
PATRICIA ANN BLACKMON, J., CONCUR