JOURNAL ENTRY and OPINION
Defendant-appellant Ernest D. Carty appeals from the trial court's imposition of consecutive maximum prison terms of six months each, and a fine of $500 each, for two counts of disseminating matter harmful to juveniles. For reasons below, we vacate Carty's sentence and remand this matter for resentencing.
According to the indictment, the event leading to Carty's conviction took place on March 30, 1999. Carty's twenty-year-old daughter, H, and his thirteen-year-old daughter, T, were visiting Carty at his home. H allegedly found pornographic pictures while using Carty's computer. H told her mother, Carty's ex-wife, about the pictures and she in turn contacted the police who conducted a search of his home. The police retrieved between 100 and 400 pornographic pictures from his computer. Four of the pictures depicted children. Many of the files had been deleted, but were retrievable from the hard drive of the computer.
Carty was originally charged with nine felonies: two counts of pandering obscenity involving a minor, two counts of pandering sexually oriented matter involving a minor, four counts of illegal use of a minor in nudity-oriented material or performance, and one count of possessing criminal tools.
On the recommendation of the prosecutor, counts one and two of the indictment were amended to misdemeanors: disseminating matter harmful to juveniles (R.C. 2907.31(A)(3)). Carty entered a plea of guilty to these two counts and the remaining felonies were dismissed. The trial court sentenced him to consecutive terms of six months on each count.
Carty appealed his original sentence in State v. Carty (Nov. 2, 2000), Cuyahoga App. No. 77520, unreported (Carty I). In Carty I, we reversed the decision of the trial court, finding that the trial court failed to apply the factors set forth in R.C. 2929.22 when imposing Carty's sentence for a misdemeanor. We also noted that the trial court erred in applying felony sentencing standards as set forth in R.C. 2929.14(C) and (E). Further, the trial court's sentencing order purported to sentence Carty for the felony of "pandering obscenity involving a minor" as opposed to the misdemeanor to which he pled guilty, "disseminating matter harmful to juveniles."
In remanding the case to the trial court for resentencing, we stated:
 Upon remand, we direct the court to carefully consider all relevant criteria, including the mitigating factors in R.C. 2929.12(C)(3) and (4) and R.C. 2929.12(E)(2), (3), (4) and (5).
 After conducting the re-sentencing hearing, we instruct the court to issue a new sentencing order accurately reflecting the charges to which appellant entered a guilty plea. (Emphasis added.)
On remand, the trial court again sentenced Carty to two consecutive six-month prison terms. In addition, the trial court fined Carty $500 for each count of disseminating matter harmful to juveniles.[1]
Carty raises the following assignment of error on appeal:
 I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT IMPOSED MAXIMUM, CONSECUTIVE JAIL TERMS AS WELL AS FINES FOR MISDEMEANOR CONVICTIONS BY PATENTLY DISREGARDING THE MANDATORY STATUTORY CRITERION GOVERNING THE IMPOSITION OF MISDEMEANOR SENTENCES.R.C. 2929.22 AND R.C. 2929.12.
Carty asserts that the trial court erred in imposing consecutive maximum six-month terms of imprisonment, plus fines, for two misdemeanors of the first degree. He argues that the trial court did not "carefully consider" the mitigating factors set forth in R.C. 2929.12(C)(3) and (4) and R.C. 2929.12(E)(2), (3), (4) and (5) as instructed by this court inCarty I. We agree.
R.C. 2929.22 sets forth the factors to be considered when imposing a sentence for a misdemeanor, it provides:
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 (B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor:
 (a) The offender is a repeat or dangerous offender;
 (b) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 (c) The offense is a violation of section 2919.25
or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 (2) If the offense is a violation of section 2919.25
or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation and the court decides to impose a term of imprisonment upon the offender, the factor listed in division (B)(1)(c) of this section shall be considered in favor of imposing a longer term of imprisonment on the offender.
 (C) The criteria listed in divisions (C) and (E) of section 2929.12 of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor.
Pursuant to R.C. 2929.22(C), and as specifically noted by this court in Carty I, the trial court is required to also consider the mitigating factors listed in R.C. 2929.12(C) and (E).
R.C. 2929.12(C) and (E) provide:
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 (1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
* * *
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
 (5) The offender shows genuine remorse for the offense.
As we stated in Carty I:
 It is well established that a trial court has broad discretion in imposing a sentence on a defendant. Columbus v. Jones (1987), 39 Ohio App.3d 87, 529 N.E.2d 947. The legislature enacted R.C. 2929.22
in an attempt to regulate the trial court's broad discretion in sentencing criminal defendants. State v. Stevens (1992), 78 Ohio App.3d 847, 851, 606 N.E.2d 970. The statutory criteria of R.C. 2929.22
do not control the trial court's discretion; rather, the criteria provides a guide in exercising sentencing discretion. State v. Wagner (1992), 80 Ohio App.3d 88, 608 N.E.2d 852.
 "Failure to consider these criteria constitutes an abuse of discretion, but when the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge followed the standards set forth in R.C. 2929.22 * * * absent a showing to the contrary." Wagner, 80 Ohio App.3d at 95-96. See, also, Cleveland v. Buckley (1990), 67 Ohio App.3d 799, 588 N.E.2d 912.
As before, Carty's sentence is within the statutory limits; therefore, he must produce evidence to rebut the presumption that the trial court properly considered the sentencing criteria. Carty I, citing, State v.Keaton (1996), 113 Ohio App.3d 696, 681 N.E.2d 1375; State v. Cyrus
(1992), 63 Ohio St.3d 164, 586 N.E.2d 94.
On remand, the trial court recited each of the requisite factors set forth in R.C. 2929.22 and R.C. 2929.12 before sentencing Carty. However, the trial court's consideration of the mitigating factors did not accurately reflect the evidence before the court. While we acknowledge that the trial court was not required to explain its findings under R.C.2929.22 and R.C. 2929.12, because Carty is alleging an abuse of discretion, we must examine the court's findings to determine whether the trial court acted arbitrarily in making them.
In reviewing the factors in R.C. 2929.12(A), the court found that there is a high risk of recidivism.
Next, in addressing the nature and circumstances of the offense and the history of the offender, the trial court stated that:
 "at least 100 — it might have been a couple hundred lewd photographs that were accessible on this computer to the two defendant's daughters. And I want to state on the record that that is the nature and circumstances and also in the history, character, and continue (sic) of the offender."
(Tr. at 37-38.)
It is important to note that at the time of sentencing, Carty, a 45-year-old male, had no prior record. The circumstances of the case were that Carty's twenty-year-old daughter saw pornography on her father's computer. As stated by the prosecutor at the original sentencing hearing,[2] "there is a dispute as to how, when and if the children had ever viewed the material."
In addressing Carty's need for correctional or rehabilitative treatment, the trial court acknowledged that Carty had sought counseling through his church, and noted that counseling is available in jail.
The trial court considered the fact that "the victims were uncomfortable addressing this court" even though the victim statement factor was inapplicable to this case because the offense was not a misdemeanor specified in R.C. 2930.01(A).
In considering the ability and resources of Carty and the nature of the burden that payment of a fine will impose, the trial court noted that because Carty had retained counsel, he had resources to pay the fine.
The next factors considered by the court are found in R.C. 2929.22(B)(1), which lists the factors in favor of imposing imprisonment for a misdemeanor.
The court correctly found that R.C. 2929.22(B)(1)(b) applies because Carty knew that T was less than eighteen years of age at the time of the commission of the offense. However, this factor was not applicable on both counts because H was an adult at the time of the incident.
The court also found that R.C. 2929.22(B)(1)(c) applies despite the fact that this was not an offense in violation R.C. 2919.25 or R.C.2903.13. The trial court further erred when it applied R.C. 2929.22(B)(2), which states that if the court decides to impose a term of imprisonment upon the offender, which the trial court did in this case, that "the factor listed in division (B)(1)(c) of this section shall be considered in favor of imposing a longer term of imprisonment on the offender." Thus, presumably, the trial court imposed a longer prison term because it erroneously found that R.C. 2929.22(B)(1)(c) applied to the situation at hand.
Next, the trial court considered the mitigating factors set forth in R.C. 2929.12(C), as required by R.C. 2929.22(C).
The trial court found that R.C. 2929.22(C)(1) did not apply because neither victim induced or facilitated the offense. However, the undisputed facts of this case were that H (the twenty-year-old) found the pornographic pictures on her father's computer outside of Carty's presence. Thus, arguably, H facilitated the offense by using her father's computer.
The trial court correctly found that R.C. 2929.22(C)(2) did not apply because Carty did not act under strong provocation.
The next mitigating factor considered by the court was whether in committing the offense Carty did not cause or expect to cause physical harm. We note that this is one of the mitigating factors that this court specifically advised the trial court to carefully consider on remand. In considering this factor, the trial court stated "I would say there is psychological harm by having somebody look at this. I'm not sure about the physical harm." This is clearly a mitigating factor applicable to the situation at hand. Neither H or T was physically harmed by Carty, nor can it be argued that Carty expected to physically harm his daughters by having pornographic pictures in his computer files. Thus, the trial court erred by not applying this mitigating factor when sentencing Carty.
The court then found that there were no other substantial grounds to mitigate Carty's conduct, a factor to be considered under R.C.2929.22(C)(4). We again note that the trial court was specifically instructed by this court in Carty I to consider this factor.
While we recognize that this is a discretionary factor, we note that H, possibly the only victim herein, was an adult at the time of the incident. Clearly, this fact constitutes an additional mitigating factor.
Thus, two of the four mitigating factors in R.C. 2929.12(C) were met.
The trial court next considered the mitigating factors found in R.C.2929.12(E). These are the factors which the legislature believes indicate whether the offender is likely to commit future crimes. Here, Carty had not been adjudicated a delinquent child, had not been convicted of or pleaded guilty to a criminal offense, and had led a law-abiding life for a significant number of years. See R.C. 2929.12(E)(1), (2), and (3). Thus, three of the five mitigating factors in this subsection were unquestionably met.
The court then found that R.C. 2929.12(E)(4) does not apply because the offense was committed under circumstances likely to recur. As justification for this finding, the trial court stated that "I think this is likely, likely to recur. And would look at the fact that people who generally have this type of material around them, whether on a computer or in Playboy tend to have them around them as a matter of course."
Although Carty had pornographic pictures on his computer, there is no other evidence that he "generally" has pornography around him. No other pornographic materials were discovered during the search of his home. In addition, his lack of a prior criminal record is to be favorably considered under R.C. 2929.12(E)(4). Again, this is a factor which this court directed should be carefully considered upon remand. Carty I.
The court further found that Carty failed to show genuine remorse for the offense. R.C. 2929.12(E)(5). This is a purely discretionary consideration, and because the trial court personally addressed Carty on this issue, we defer to the court's finding.
In summary, our analysis of the sentencing transcript reveals that the trial court erroneously found two factors in favor of imprisonment, R.C.2929.22(B)(1)(b) in regard to H, and R.C. 2929.22(B)(1)(c); erroneously found a factor in favor of imposing a longer jail term, R.C. 2929.22(B)(2); erroneously failed to apply at least three applicable mitigating factors, R.C. 2929.12(C)(1), (3) and (4); and despite the fact that at least six out of nine mitigating factors apply, the trial court sentenced Carty to maximum consecutive sentences for misdemeanor offenses.
Based on the foregoing, Carty has met his burden of presenting evidence to rebut the presumption that the trial court properly considered the sentencing criteria set forth in R.C. 2929.22 and R.C. 2929.12. Accordingly, we find that, although the trial court had wide discretion when sentencing Carty on his misdemeanor offenses, its failure to consider the mitigating factors supported by the record was an abuse of discretion.
In addition, Carty alleges that the trial court acted vindictively in fining him $1,000 upon resentencing, when no fine was imposed at his original sentencing.
As recently stated in State v. Nelloms (2001), 144 Ohio App.3d 1,4:
 The Supreme Court has held that a trial court violated the Due Process Clause of the Fourteenth Amendment when it resentences a defendant to a harsher sentence, motivated by vindictive retaliation. North Carolina v. Pearce (1969), 395 U.S. 711, 724, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656, 668. Further, a presumption of vindictiveness arises when the same judge resentences a defendant to a harsher sentence following a successful appeal. Id. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670; [see also, State v. Payton
(2001), Cuyahoga App. No. 79302, unreported.] In order to overcome the presumption, the trial court must make affirmative findings on the record regarding conduct or events that occurred or were discovered after the original sentencing. Id.; Wasman v. United States
(1984), 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424. This means that the trial court may impose an enhanced sentence, but it must demonstrate that it was not motivated by vindictiveness toward the defendant for exercising his rights. Pearce, 395 U.S. 723.
Here, the trial court imposed an enhanced sentence without providing any explanation for doing so. Accordingly, the presumption of vindictiveness arises, not overcome by any trial court findings affirmatively appearing in the record. Therefore, to clarify the record, we vacate the fines imposed by the trial court.
Based upon the foregoing, the trial court abused its discretion in sentencing Carty to maximum consecutive sentences by considering factors in favor of a longer prison term when six out of nine mitigating factors applied. The trial court further erred in imposing a greater sentence on remand.
Therefore, on the authority contained in Section 3(B)(2), Article IV of the Ohio Constitution[3] and R.C. 2953.07, we modify the trial court's sentencing order to time served, order that Carty be discharged, and remand the case with instructions to correct the record in accordance with this opinion.
Sentence modified and case remanded.
This cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and TERRENCE O'DONNELL, J. CONCUR.
[1] The journal entry contains no reference to the fines the court imposed.
[2] The trial court incorporated by reference statements made at the original sentencing.
[3] Section 3(B)(2), Article IV of the Ohio Constitution confers upon appellate courts "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals."