DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his dispositional order, following an adjudication of delinquency in the Lucas County Court of Common Pleas, Juvenile Division. For the reasons that follow, we affirm.
 {¶ 2} On March 15, 2007, two males, clad in black-hooded sweatshirts, entered a south Toledo convenience store. Brandishing what appeared to be a pistol, one of the males went behind the counter, demanding that the store clerk hand over the money in the *Page 2 
cash drawer. After the clerk complied, the two left with over $1,000. The two escaped in a car that had been waiting in an adjacent alley.
 {¶ 3} A witness described the fleeing car to police, who stopped it a short time later. The driver of the car identified appellant, 16-year-old Taronn A., as one of those who went into the store.
 {¶ 4} Appellant was named in a juvenile delinquency complaint, alleging that he committed an offense, aggravated robbery, which would be a felony if committed by an adult. The matter proceeded to a hearing at which appellant denied involvement in the robbery. Nevertheless, the magistrate found to the contrary and adjudicated him delinquent. Following a predispositional investigation, the magistrate ordered appellant committed to the Ohio Department of Youth Services for institutionalization in a secure facility for an indefinite period of from two years until age 21. The magistrate's order was adopted by the court.
 {¶ 5} From this judgment, appellant now brings this appeal, setting forth a single assignment of error:
 {¶ 6} "Assignment of Error No. 1: The Trial Court abused their [sic] discretion by committing Appellant into the department of youth services for secure confinement for a period of two years instead of imposing a less restrictive sentence."
 {¶ 7} Appellant maintains that, since he had not previously been adjudicated of committing a felony, a two year minimum commitment to a secure facility is inappropriate. *Page 3 
 {¶ 8} The purposes of delinquent juvenile disposition are articulated in R.C. 2152.01. These are "* * * to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender. These purposes shall be achieved by a system of graduated sanctions and services."
 {¶ 9} A juvenile court has broad discretion in fashioning a dispositional order to achieve these purposes, In re D.S.,111 Ohio St.3d 361, 363, 2006-Ohio-5851, ¶ 6, and will not be reversed absent an abuse of that discretion. Id. An abuse of discretion is more than an error in judgment or a mistake of law, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} R.C. 2152.16(A)(1)(c) expressly provides that a juvenile adjudicated delinquent for acts which would constitute aggravated robbery if committed by an adult may be committed to a secure facility, "* * * for an indefinite term consisting of a minimum period of one to three years, as prescribed by the court, and a maximum period not to exceed the child's attainment of twenty-one years of age[.]" Thus, since the disposition ordered in this matter is within the statutory range, it is presumptively reasonable. State v. Wagner (1992), 80 Ohio App.3d 88,96.
 {¶ 11} Moreover, appellant had multiple prior misdemeanor adjudications which have now, by appellant's own post-adjudication admission, escalated to armed robbery. *Page 4 
At disposition, the magistrate noted that he was not just looking at appellant, but at the safety of society.
 {¶ 12} Protection of the public interest and safety are among the purposes of juvenile sentencing. We cannot say that the magistrate's emphasis on them, viewing appellant's record and the offense he was adjudicated to have committed, was arbitrary, unreasonable or unconscionable.
 {¶ 13} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 14} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1