[Cite as *In re S.H.*, 2020-Ohio-4605.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re S.H.

Court of Appeals No. WD-20-017

Trial Court No. 2019 JA 0634

**DECISION AND JUDGMENT**

Decided: September 25, 2020

* * * * *

Autumn D. Adams, for appellant.

Paul A. Dobson, Wood County Prosecuting Attorney, and
Charles S. Bergman, Chief Assistant Prosecutor, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 31, 2020 judgment of the Wood County

Court of Common Pleas, Juvenile Division, sentencing appellant to a commitment to the

Ohio Department of Youth Services ("DYS") for a minimum term of one year to the age

of 21 for appellant's admission to one count of aggravated arson, in violation of R.C.

2929.02(A)(1), a felony of the first degree if committed by an adult, and a commitment of six months to the age of 21 for appellant's admission to one count of vandalism, in violation of R.C. 2929.05(B)(2), a felony of the fifth degree if committed by an adult, ordered to be served concurrently to one another. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, S.H., sets forth the following assignment of error:

The trial court abused its discretion when it ordered S.H. to be committed to ODYS when less restrictive alternatives were available that would have allowed S.H. to remain close to his family.

{¶ 3} The following undisputed facts are relevant to this appeal. In 2015, appellant was first adjudicated to be a delinquent child following appellant's admission to arson.

{¶ 4} A subsequent arson offense, committed by appellant in 2019 at the school he was attending while housed in a less restrictive placement, a treatment group home, underlies the instant case.

{¶ 5} Following appellant's initial arson case, appellant was placed on juvenile probation. Appellant was provided both outpatient and inpatient services. However, appellant's misconduct continued.

{¶ 6} Due to the lack of an appropriate relative placement, appellant was placed locally, in Bowling Green, at the Juvenile Residential Center of Northwest Ohio ("JRC").

{¶ 7} In 2019, after appellant had been transferred from JRC to a treatment group home located in the area, appellant set fire to the school that he had begun attending. The fire resulted in considerable damage to the school's greenhouse. Appellant's criminal conduct persisted, even after being taken into custody following the school arson.

{¶ 8} While being held in the juvenile detention facility following the 2019 arson, appellant caused significant property damage to the Wood County Juvenile Detention Center ("JDC"). Appellant flushed clothing down toilets located inside the facility, causing flooding and related property damage.

{¶ 9} Appellant's vandalism at JDC necessitated the relocation of the youth housed in the flood-damaged wing to enable various repairs and restoration work to be performed.

{¶ 10} On January 30, 2020, appellant entered admissions to one count of aggravated arson, in violation of R.C. 2929.02(A)(1), a felony of the first degree when committed by an adult, and one count of vandalism, in violation of R.C. 2929.05(B)(2), a felony of the fifth degree when committed by an adult.

{¶ 11} At the dispositional hearing, appellant's juvenile probation officer conveyed to the trial court that appellant had been on juvenile probation for approximately four years at the time of the offenses underlying this appeal.

{¶ 12} The probation officer further stated that appellant presented a danger to the community given appellant's ongoing commission of offenses which would be felonies

3.

when committed by an adult, despite the long-term provision of inpatient and outpatient services.

{¶ 13} Lastly, the probation officer noted that appellant was previously furnished alternative, less restrictive placements in lieu of DYS, including JRC and a treatment foster home. As such, non-DYS options had been exhausted.

{¶ 14} Based upon the forgoing, the juvenile probation department concluded that less restrictive alternatives had been unsuccessful, and, therefore, requested that appellant be committed to DYS.

{¶ 15} Conversely, despite appellant's commission of felony level offenses while housed in a less restrictive placement, counsel for appellant requested that appellant be returned to such a placement.

{¶ 16} The trial court concluded that reasonable efforts had been made on appellant's behalf in an unsuccessful effort to avoid appellant's commitment into the custody of DYS.

{¶ 17} The trial court determined that the evidence reflected it to be in the best interest of appellant and the community for appellant to be committed to DYS for a term of one year to the age of 21 for the arson offense, and a term of six months to the age of 21 for the vandalism offense, ordered to be served concurrently. This appeal ensued.

{¶ 18} In the sole assignment of error, appellant maintains that the trial court abused its discretion in committing appellant to DYS, rather than returning appellant to a less restrictive placement. We do not concur.

4.

{¶ 19} It is well-established that a juvenile court is vested with broad discretion in crafting a dispositional order. Such orders will not be reversed absent demonstration of an abuse of discretion. *In re T.A.*, 6th Dist. Lucas No. L-07-1286, 2008-Ohio-2089, ¶ 9.

{¶ 20} An abuse of discretion requires showing more than an error in judgment or a mistake of law. It must be shown that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 21} In support of this appeal, appellant asserts that, "*It is unconscionable to order S.H. to be committed to ODYS when there are other alternatives available* that would have permitted him to remain in contact with his family." (Emphasis added).

{¶ 22} Appellant's position fails to acknowledge that he had previously been granted the privilege of a less restrictive placement alternative and then committed the offenses underlying this case while in that placement.

{¶ 23} Appellant unconvincingly maintains that, "S.H. does not need to be locked up, he needs treatment and it is unconscionable to send a child with behavioral and emotional issues into a facility that will * * * just keep him locked away." The record of evidence shows these claims are without merit.

{¶ 24} Notably, appellant presents no legal authority supporting the claims that the 2019 DYS disposition was improper.

{¶ 25} R.C. 2152.16(A)(1)(d) establishes that a juvenile adjudicated to be delinquent for acts which would constitute a first-degree felony, such as aggravated

arson, if committed by an adult, may be committed to a secure facility, "for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of twenty-one years of age."

{¶ 26} R.C. 2152.16(A)(1)(e) establishes that a juvenile adjudicated to be delinquent for acts which would constitute a fifth-degree felony, such as vandalism, if committed by an adult, may be committed to a secure facility, "for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age."

{¶ 27} An application of the above-quoted governing statutes to the facts and circumstances of this case reflect that no abuse of discretion transpired in the disputed case disposition.

{¶ 28} The record reflects that appellant began committing juvenile felony offenses approximately five years prior to the instant offenses. The record reflects that appellant had been on long-term juvenile probation and accompanying supportive services prior to committing the instant offenses. The record reflects that appellant was housed in a less restrictive, alternative placement when the instant offenses were committed. The record reflects that appellant's criminal conduct persisted and posed a considerable public safety risk such that the subject commitment to DYS had become warranted.

{¶ 29} The record is devoid of any evidence in support of the notion that the disputed DYS commitment was arbitrary, unreasonable or unconscionable.

6.

{¶ 30} Wherefore, we find appellant's assignment of error not well-taken.  On consideration whereof, the judgment of the Wood County Court of Common Pleas, Juvenile Division, is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

                  JUDGE

Thomas J. Osowik, J.

          _____

Gene A. Zmuda, P.J.          JUDGE
CONCUR.

          _____

                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.